UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Case No. 11-CR-103

FERAS RAHMAN,

        Defendant.

**UNITED STATES' MEMORANDUM OF LAW:
RULE OF COMPLETENESS**

The United States of America by its attorneys, James L. Santelle, United States Attorney and Elizabeth Blackwood and Kelly B. Watzka, Assistant United States Attorneys hereby files this memorandum of law in anticipation of a defense objection to the introduction of portions of the defendant's January 25, 2010, recorded statement to ATF agents.

<u>Background</u>

As the Court may recall, the defendant was interviewed by ATF agents Rick Hankins and Sandra DeValkenaere on January 25, 2010 - six days after the fire that is the subject matter of this case. The interview lasted approximately one hour and forty-five minutes and was recorded. The United States intends to call Agent DeValkenaere as a trial witness. She will summarize those portions of the defendant's statement the United

1

States views as inculpatory. Agent DeValkenaere will also testify that when the defendant was eventually confronted with the agents' suspicions about his involvement in the fire, the defendant denied having any involvement in or knowledge of the fire. During Agent DeValkenaere's testimony, the United States intends to play several audio-recorded excerpts of the defendant's statement on a number of discreet topics, namely:

    A.    The defendant's comments regarding "Essan," the man he claimed had remodeled his business;

    B.    The defendant's description of his closing procedures prior to the fire, including the fact that he checked the doors and locks and armed the alarm system;

    C.    The defendant's description of the safe he claimed should have been in his office;

    D.    The defendant's statement that there was no reason for gasoline to be present in his restaurant;

    E.    The defendant's statement that he was the only key holder, as well as the only person who knew the alarm code;

    F.    The defendant's statement that he had no plans after the fire other than to help his cousin at an auto glass business; and

    G.    The defendant's description of how he would have committed the crime differently, if he had committed it at all.

The recordings and transcripts of these brief excerpts have been provided to

defense counsel in discovery.

At the conclusion of court proceedings on May 8, 2011, defense counsel advised that they intend to object on completeness grounds to the United States introduction of portions of the defendant's January 25, 2010, statement. For the reasons stated below, any objection should be overruled.

## Applicable Law

Federal Rule of Evidence 106 provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." FRE 106 only applies to written statements. However, FRE 611(a) grants the same authority to trial judges with respect to oral statements. *United States v. Haddad*, 10 F.3d 1252, 1258 (7th Cir. 1993).

By its plain terms, the rule of completeness is not unqualified. The proponent of the additional evidence (in this case, Mr. Rahman) bears the burden of demonstrating (1) its relevance to the issue in the case and (2) must show that it clarifies or explains the portion offered by the opponent. *United States v. Glovner*, 101 F.3d 1183, 1189-90 (7th Cir. 1996). The Seventh Circuit has adopted a four-part test for determining whether the additional evidence clarifies or explains the portion of the statement already offered into evidence. *Id*. Under this test, the remainder of the statement may only be admitted if it is necessary to 1) explain the admitted portion; 2) place the admitted portion in context; 3)

3

avoid misleading the trier of fact; and 4) insure a fair and impartial understanding. *Id.*

It is well settled that when the prosecution seeks only to introduce a portion of the defendant's statement, the defendant is not entitled to introduce portions of his statement that are neither explanatory nor relevant to those portions of the statements introduced by the government unless the statements are necessary to explain or clarify the portion of the statement received. *United States v. McCorkle*, 511 F.2d 482, 486-87 (7th Cir.); cert. denied, 423 U.S. 826 (1975). The "rule of completeness" does not authorize the introduction of defendant's self-serving, exculpatory out-of-court statements as part and parcel of portion of statement introduced by government unless such statements are necessary to explain or clarify the portion of the statement received. *United States v. Haddad*, 10 F.3d 1252 (7th Cir. 1993); see also *United States v. Li*, 55 F.3d 325 (7th Cir. 1995) (upholding district court's exclusion of exculpatory portion of defendant's statement which was not necessary for completeness). The rule of completeness is not intended to open the floodgates and permit the wholesale introduction of otherwise inadmissible evidence. *See* United *States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982) (noting that the rule is designed to cause evidence to be viewed in its proper and fair context, not to make inadmissible evidence become admissible);

Simply put, the rule of completeness permits nothing more than setting the context and clarifying the evidence already introduced. It ensures fairness where a misunderstanding or distortion created by the other party can only be averted by

4

introduction of the full out of court statement. In order to invoke the rule of completeness, the defendant must make a focused and specific request outlining those portions of the introduced statement that are confusing, misleading or taken out of context. Here, the defendant can make no such showing - especially since Agent DeValkenaere will testify that the defendant denied any involvement in, or knowledge of, the arson.

For these reasons, the United States respectfully requests that the Court overrule any defense objection to the introduction of portions of the defendant's January 25, 2010, statement.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2012.

By:

JAMES L. SANTELLE
United States Attorney

S/KELLY B. WATZKA
Deputy Chief, Criminal Division
Wisconsin State Bar Number: 01023186
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1801
Fax: (414) 297-1738
E-Mail: kelly.watzka@usdoj.gov

5